**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DWAYNE HIGHTOWER, | : | Civ. Case No. 10-3151 (NLH) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **O P I N I O N** |
| v. | : |  |
|  | : |  |
| GARY LANIGAN, et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**APPEARANCES:**

Dwayne Hightower, Pro Se
405909/296333C
Hope Hall
676 Fairview Street
Camden, NJ 08104

**HILLMAN, District Judge**

Plaintiff, Dwayne Hightower, is currently confined at Hope Hall, Camden, New Jersey, and was confined at the Southern State Correctional Facility, Delmont, New Jersey at the time he submitted this complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983.  Plaintiff has not paid the filing fee, and seeks permission to proceed in forma pauperis ("IFP").  Plaintiff's case was previously terminated for failure to pay the filing fee or submit a complete IFP application.  Plaintiff has since done so, and the case has been reopened.  Based on Plaintiff's affidavit of indigence and

institutional account statement, this Court will grant his request to proceed IFP.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the complaint will be dismissed, without prejudice.

### BACKGROUND

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, and seeks to sue Gary Lanigan, the Commissioner of the Department of Corrections; Charles Albino, the Administrator of the Southern State Correctional Facility; Richard Zimmerman, the Head Recreation Supervisor at the Southern State Correctional Facility; Niranjana Shah, a Medical Doctor at the facility; and James Brewin, a Medical Practitioner.

Plaintiff states, in full:

> On 10/10/09 gym was called out on phase-2 at 8:00 pm. Upon utilizing the leg press machine at approximately 8:15 pm, I pushed the weights to the top and my feet slipped off the machine and the sled with the weights on it came back down and smashed my legs causing them to bust wide open whereas though you could see the bones within my legs. I was wheelchaired to the infirmary on phase-2 waiting for the ambulance. I was taken to the South Jersey Regional Medical Center in Vineland, NJ by ambulance whereby I required 10 staples in my left leg (just below the knee) and 33 staples in his right leg (just below the knee). I received an

institutional blue sheet charge because of the
incident.  I received retribution in the wake of
numerous remedy forms filed consistent with the matter
involved at which time I reserve the right to file an
amended complaint upon discovery rule of both John
Doe's and Jane Doe's.

Complaint, ¶ 6.

Plaintiff argues that he wrote letters to defendant Lanigan

seeking relief; that defendant Albino failed to maintain operable

exercise machinery; that defendant Zimmerman failed to inspect

the exercise equipment or post instructions on how to use the

machine, "and/or [failed] to post an out of order sign knowing

the leg press machine was dangerous to use due to it being

altered from its original manufacturing form."  Plaintiff alleges

that the medical defendants, defendants Shah and Brewin, did not

give him proper rehabilitation after his injury.  (Complt., ¶ 4).

Plaintiff asks for monetary relief.  (Complt., ¶ 7).

### DISCUSSION

### A.  Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-

134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),

requires a district court to review a complaint in a civil action

in which a prisoner is proceeding in forma pauperis or seeks

redress against a governmental employee or entity.  The Court is

required to identify cognizable claims and to sua sponte dismiss

any claim that is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  See 28 U.S.C. §§
1915(e)(2)(B) and 1915A.  This action is subject to sua sponte
screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and
1915A, because plaintiff is a prisoner proceeding as an indigent.

    Recently, in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the
Supreme Court refined the standard for summary dismissal of a
complaint that fails to state a claim.  The Court examined Rule
8(a)(2) of the Federal Rules of Civil Procedure which provides
that a complaint must contain "a short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.
Civ. P. 8(a)(2).  Citing its recent opinion in Bell Atlantic
Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that
"[a] pleading that offers 'labels and conclusions' or 'a
formulaic recitation of the elements of a cause of action will
not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at
555), the Supreme Court held that, to prevent a summary
dismissal, a civil complaint must now allege "sufficient factual
matter" to show that the claim is facially plausible.  This then
"allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged."  See id. at
1948; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC
Shadyside, 578 F.3d 203 (3d Cir. 2009).

    The Court of Appeals for the Third Circuit recently provided
detailed and highly instructive guidance as to what type of

allegations qualify as sufficient to pass muster under the Rule 8

pleading standard.  See Phillips v. County of Allegheny, 515 F.3d

224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in

relevant part:

> [T]he pleading standard can be summed up thus:
> "stating ... a claim requires a complaint with enough
> factual matter (taken as true) to suggest" the required
> element.  This "does not impose a probability
> requirement at the pleading stage[ ]" but . . . "calls
> for enough facts to raise a reasonable expectation that
> discovery will reveal evidence of" the necessary
> element.

Phillips, 515 F.3d at 234 (internal citations omitted).

In determining the sufficiency of a pro se complaint, the

Court must be mindful to construe it liberally in favor of the

plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)

(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines

v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States

v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

## B.    Section 1983 Claims

A court's initial task is to "tak[e] note of the elements

[Plaintiff] must plead" in order to state a claim of liability

under 42 U.S.C. § 1983.  See Iqbal, 129 S Ct. at 1947–48.

Section 1983 of Title 28 of the United States Code provides in

relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any

rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other
proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two
elements: (1) a person deprived him or caused him to be deprived
of a right secured by the Constitution or laws of the United
States, and (2) the deprivation was done under color of state
law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

C.   **Failure to Protect Claim.**

Plaintiff asserts that the Head Recreation Supervisor,
defendant Zimmerman, "failed to routinely inspect the exercise
equipment to ensure it was in safe working condition.  He failed
to post instructions on how to use the leg press machine and/or
post an out of order sign knowing the leg press machine was
dangerous to use due to it being altered from its original
manufacturing form."  (Complt., ¶ 4d).

This Court construes Plaintiff's allegation against
defendant Zimmerman as an attempt to state a failure to protect
claim under the Eighth Amendment.  The Eighth Amendment requires
prison officials to take "reasonable measures to guarantee the
safety of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832
(1994) (citing Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)).

To state a failure to protect claim under § 1983, an inmate
must assert facts showing: (1) he is objectively "incarcerated

6

under conditions posing a substantial risk of serious harm;" (2) defendant subjectively "knows of and disregards an excessive risk to inmate health or safety;" and (3) causation.  See Farmer, 511 U.S. at 837.

"Deliberate indifference" is a subjective standard in which the official knew of a substantial risk of serious harm and disregarded the risk by failing to take reasonable measures to abate it.  Id. at 834.  "To be liable on a deliberate indifference claim, a defendant prison official must both know of and disregard an excessive risk to inmate health or safety.  The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware."
Beers–Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).

Plaintiff asserts no facts supporting the conclusion that any named defendant was subjectively aware that this particular machine was dangerous.  While Plaintiff states facts indicating that the machine was altered, he provides no facts asserting why he believes that prison officials knew of such an alteration or that the machine was dangerous.  At best, Plaintiff's allegations suggest possible negligence by the defendants, and negligence does not satisfy the constitutional standard.  See Farmer, 511 U.S. at 835 ("an official's failure to alleviate a significant

risk that he should have perceived but did not, while no cause

for commendation, cannot under our cases be condemned as the

infliction of [unconstitutional] punishment"); Davidson v.

Cannon, 474 U.S. 344  (1986) (prison official who "mistakenly

believed that the situation was not particularly serious" did not

deprive inmate of a liberty interest); Daniels v. Williams, 474

U.S. 327 (1986) (due process is not implicated by a state

official's negligent act causing injury to an inmate).  Under

these circumstances, this Court will dismiss the Complaint for

failure to state a claim upon which relief may be granted.

However, it is conceivable that Plaintiff simply neglected

to assert facts supporting the conclusions that he was

incarcerated under conditions posing a substantial risk of

serious harm and that one or more defendants knew of and

deliberately disregarded that risk.  Thus, this Court will grant

Plaintiff 30 days to file a motion to reopen and amend the

complaint, along with an amended complaint, stating a failure to

protect claim that adheres to the mandates of Iqbal.[1]

---

[1]  Plaintiff should note that once an amended complaint is
filed, the original complaint no longer performs any function in
the case and cannot be utilized to cure defects in the amended
complaint, unless the specific portion of the original complaint
is specifically incorporated in the amended complaint.  See 6
Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §
1476 (1990) (footnotes omitted).  To avoid confusion, the safer
course is to file an amended complaint that is complete in
itself.  See id.

**D.   Medical Care Claims**

Plaintiff states that the medical defendants, Shah and Brewin, "failed to provide the appropriate rehabilitation after severe injury."  (Complt., ¶ 4e, 4f).

Similar to the law cited above, in order to state a medical care claim under the Eighth Amendment, Plaintiff also must show deliberate indifference on the part of the defendants.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  This Court notes, however, that a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. See Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

Here, Plaintiff has not pled sufficient facts to pass muster under Iqbal.  Thus, like the failure to protect claim, this Court will grant Plaintiff 30 days to file a motion to reopen and amend the complaint, along with an amended complaint, to address the deficiencies of his medical care claims.

**E.   Respondeat Superior**

Plaintiff claims against defendant Lanigan must be dismissed, as Plaintiff states no facts demonstrating that Lanigan had any involvement in the events of which Plaintiff complains.

9

It is well-established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

With regard to Lanigan, Plaintiff states only that "I have written a letter of complaints [sic] seeking relief from him." (Complt., ¶ 4b).  Plaintiff has not shown any personal involvement, direction, or knowledge by Lanigan to allow any claims asserted in the complaint to proceed against him. Therefore, Plaintiff Lanigan will also be dismissed from this action.  If Plaintiff chooses to reopen this action and file an amended complaint, he may cure the deficiencies in his claims against Lanigan at that time.

## F.   Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524

U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  See 28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  See Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285.  In this case, since this Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

Based on the foregoing, this Court will grant Plaintiff's application to proceed in forma pauperis, dismiss the federal claims in the complaint without prejudice, and decline to exercise supplemental jurisdiction.  An appropriate Order follows this Opinion.

 /s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

At Camden, New Jersey

Dated: December 29, 2011